Deaderick, J.,
delivered tlie opinion of tbe court:
Defendant bas -entered a motion to- discharge tbe super-sedeas granted by one of tbe. judges o-f tbis court, at chambers, to an interlocutory decree of Chancellor Livingston, presiding at tbe chancery court at Brownsville-.
Upon tbe filing of tbe bill an. injunction was granted inhibiting, among other things, tbe issuance of execution upon a judgment at law obtained upon a no-te transferred by complainants to- defendant for about $443, upon tbe ground that complainants bad placed in defendant’s possession, as collateral security for their indebtedness to it, *565 $4,821 of Bank of Tennessee money (old issue), of greater Yalne than the amount of defendants’ claims against-complainants.
The decree superseded was one dissolving the injunction as to the judgment of $443, and rendering a judgment on their injunction bond against complainants and their 'surety for the amount of the judgment enjoined, $443.53, and costs of suit, as well as the costs incident to- the issuance of said injunction, for which an execution was directed to issue from said chancery court.
It is insisted for defendant that it has been heretofore decided by this court that no supersedeas will issue to the chancery court to interfere with its order dissolving an injunction, and the cases in [Railroad v. Huggins], 7 Cold., 217; [Mabry v. Ross], 1 Heis., 769, are cited.
Those cases hold that an injunction is a prohibitory writ, restraining, not compelling, action. That an order dissolving an injunction, does not of itself, without more, require the doing of any act, and that, therefore, such orders cannot be interfered with under the powers conferred on this court by secs. 4513, 3933 [of the Code (1858); Shannon’s Code, secs. 6348, 5737].
Those sections authorize this court in term time, or either of the judges in vacation,.to grant supersedeas to- the execution of an interlocutory decree of inferior courts, and this power has been held to apply only to such orders or decrees as are to be carried out or executed by some further act of said inferior courts, and to have no application to negative or prohibitory orders, or orders simply and only removing the inhibition of an injunction.
And if this case presented nothing more in the chancellor’s order than the removal of the injunction, which would have left defendant free to prosecute his remedy at law, it would have been within the rule and construction of the acts in the two cases cited. But the chancellor not only dissolved the injunction, but he rendered a decree against *566 complainants and their surety, and awarded execution thereon, and the writ is granted to supersede the execution issued thereon, and the case thus falls within the purpose and meaning of the statute. ,
We are of opinion that the supersedeas was properly issued, and the motion to discharge it will be refused.